ANN MILLER RAVEL, County Counsel (S.B. #62139)
MARCY L. BERKMAN, Deputy County Counsel (S.B. # 151915)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
EDWARD FLORES, LIEUTENANT DOUGLAS TAYLOR, MITCHELL CONNER, MICHAEL MEADE, M.D., CHRISTINE FERRY, ALEXANDER CHYORNY, M.D., and OFFICER CONNER

*E-FILED - 6/12/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID LITMON, JR.,

    Plaintiff,

v.

SANTA CLARA COUNTY et. al.,

    Defendants.

No.   C03-2054 RMW

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT & MOTION TO EXCEED PAGE LIMITATION; [] ORDER**

1. I am an attorney duly licensed to practice law before this Court and in all State and Federal courts in the State of California. I am counsel of record for the Defendants who have been served and appeared in this action.

2. Plaintiff David Litmon filed this *pro se* civil rights action while he was civilly confined at the Santa Clara County Jail while awaiting trial proceedings under California's Sexually Violent Predators Act, California Welfare and Institutions Code section 6600 et seq. ("SVPA").

3. On March 8, 2007, the Court issued an Order of Partial Dismissal and Service regarding Plaintiff's Second Amended Complaint. The Court concluded that Plaintiff's allegations, liberally construed, stated cognizable claims against Defendants pursuant to 42

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Mtn For Extension of Time and
Extension of Page Limitation; [] Order    1    C03-2054 RMW

U.S.C. § 1983 for alleged violations of his constitutional rights with respect to his conditions of confinement and with respect to provision of medical care and mental health treatment as well as alleged violations of the ADA.

4. The Court's order recognized as cognizable a number of condition of confinement allegations including Litmon's allegations that (1) he was treated like or worse than a criminal detainee; (2) he was subjected to confinement to his cell for twenty-three or twenty-four hours per day; (3) he was denied his right to privacy by being required to shower in the presence of criminal detainees; (4) he was denied adequate exercise; (5) he was subjected to property searches without adequate cause; (6) he was subjected to strip searches and body cavity searches.

5. The Court's order also recognized as cognizable Litmon's claims that he was denied the following medical care: (1) personal clothing for anemia; (2) modified diet and exercise for high cholesterol; (3) surgery for bone spurs; (4) soft sole shoes for flat feet and bone spurs; (5) use of a double mattress and egg crate mattress for medical problems related to his right shoulder and a spinal cord deformity; (6) physical therapy related to his shoulder surgery; (7) ongoing treatment for an enlarged prostate; and (8) treatment for unknown internal medical injuries.

6. The Court's order also recognized as cognizable Plaintiff's claim that he was entitled to mental health treatment for his antisocial personality disorder, paraphelia and substance abuse, for which he had never received treatment at Atascadero.

7. In addition, the Court recognized as cognizable Litmon's ADA claims insofar as they allege that he is disabled by the mental health conditions for which he was required to receive treatment at Atascadero because of his SVP designations and that the DOC denied him mental health treatment precisely because he is an SVP.

8. On February 25, 2008, this Court issued an order reinstating Plaintiff's injunctive relief claims and ordered Defendants to include a response to those claims with their summary judgment motion, further ordering that a supplemental answer may be filed to address the reinstated claims.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Mtn For Extension of Time and
Extension of Page Limitation; [] Order          2                    C03-2054 RMW

Case 5:03-cv-02054-RMW   Document 69   Filed 06/12/08   Page 3 of 4

9. At this juncture, responsibility for preparing the summary judgment was transferred to me from Deputy County Counsel Melissa Kiniyalocts, who had been assigned to the matter during its discovery phase.

10. At that time, I was unable to immediately commence work as I had to prepare a responsive appellate brief on a matter of first impression that was due on February 28, 2008 in the United States Court of Appeal for the Ninth Circuit as well as several other state and federal court briefs that were due in late February and early March; I had been called to argue an appellate case before the Sixth District Court of Appeal in early March; and I had recently had briefing schedules set on two writ petitions that the Sixth District took up in March. Accordingly, the Court extended time to respond to June 6, 2008.

11. I have been diligently obtaining, compiling and analyzing the information related to Mr. Litmon and necessary to prepare a motion for summary judgment that covers his wide-ranging spectrum of allegations and defendants.

12. The summary judgment motion has been largely drafted and we are now in the process of editing and finalizing the motion. Additionally, the various declarations that will accompany the motion together with a large number of accompanying exhibits must be finalized and executed. However, I anticipate that it will take some time to complete the finalization of these papers, assemble the exhibits, and obtain signatures from the various declarants.

13. I am therefore requesting a 30-day extension out of an abundance of caution.

14. Plaintiff filed his original complaint in this action on May 2, 2003 but Defendants were not served until May 30, 2007 and the court first reinstated the injunctive relief claims at the end of February 2008. As such, Plaintiff would not be prejudiced by this further brief continuance.

15. Additionally, due to the wide spectrum of topics and number of defendants touched upon by Litmon's complaint, I request that the Court extend the page limit for this motion to 40-pages.

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendants' Mtn For Extension of Time and Extension of Page Limitation; [] Order      3      C03-2054 RMW

16. The additional page-length allows for inclusion in the brief itself more of the relevant facts and a more thorough analysis, thus ensuring a brief that provides a better analysis and that I believe would be more useful to the court than the brief that I would be able to provide if I were to further reduce the analysis of so many disparate facts and topics down to 25 pages.

I declare, under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 29th day of May 2008, in San Jose, California.


By: _____/S/_____
       MARCY L. BERKMAN

## ORDER

(1) Defendant have applied for an extension of the page limitation for their motion for summary judgment, and good cause appearing therefor, the page limitation for Defendants' opening brief is extended to 40 pages.

(2) Defendants have applied for an extension of time within which to file their motion for summary judgment and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that: Defendants shall file a motion for summary judgment or other dispositive motion no later than ~~July X~~ June 23, 2008. The page limitation for their opening memorandum of points and authorities shall be extended to 40 pages.

DATE  6/6/08                                   _Ronald M. Whyte_____
                                                JUDGE OF THE DISTRICT COURT

128351.wpd